UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JESUS NUNEZ,

        Plaintiff,

   -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER THOMAS F.
DECKER, SHIELD #21865, POLICE OFFICER
JAMES O'ROURKE, SHIELD # 26211, AND
SERGEANT CHRISTOPHER DOYLE, SHIELD #705,

        Defendants.

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

04-CV-3326 (ARR)(VPP)

------------------------------------------------------------------X

  **WHEREAS,** plaintiff commenced this action by filing a complaint on or about August 4, 2004, alleging that his civil and state common law rights were violated; and

  **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

  **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

  NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

  1. The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

  2. Defendant City of New York hereby agrees to pay plaintiff the total sum of Fifty Thousand Dollars ($50,000.00) in full satisfaction of all claims, including claims for costs, expenses and attorney fees. In consideration for the payment of this sum, plaintiff agrees to the

dismissal of all the claims against the individually named defendants and to release the City of New York, the New York City Police Department, Police Officer Thomas Decker, Police Officer James O'Rourke, and Lieutenant Christopher Doyle, any present or former employees or agents of the City of New York and the New York City Police Department, and the City of New York from any and all liability, claims, or rights of action arising from and contained in the complaint in this action, including claims for costs, expenses and attorney fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a release based on the terms of paragraph 2 above and an Affidavit of No Liens.

4. Nothing contained herein shall be deemed to be an admission by any of the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation and settlement shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Police Department.

6. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
June 28, 2005

JAY WEINSTEIN
*Attorney for Plaintiff*
LAW OFFICE OF JAY WEINSTEIN
503 Longacre Avenue
Woodmere, N.Y. 11596
(516) 569-2146

By: _____
JAY WEINSTEIN

SO ORDERED:

_____
ALLYNE R. ROSS, U.S.D.J.

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, 3-188
New York, N.Y. 10007
(212) 788-0893

By: _____
SHERYL BRUZZESE (SB 5680)
Assistant Corporation Counsel